UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTIR SCOTT SHATSKY, et al  :
                              :
         Plaintiffs            :
                              :   06 cv 724(RJL)
     v.                        :
                              :
THE SYRIAN ARAB REPUBLIC, et al.  :
                              :
         Defendants.           :
_____ :

**DEFENDANTS APPLICATION FOR ADDITIONAL
TIME TO RESPOND TO THE COMPLAINT**

The Syrian Arab Republic and other Syrian defendants, by their attorneys, request that their time to respond to the complaint filed in this action on April 21, 2006, be extended to and including Thursday, November 30, 2006, and in support of this application state:

1. This is an action under the Foreign Sovereign Immunities Act of 1976, as amended, demanding judgment against defendants of over $1,000,000,000.00 (one billion dollars) based on two attacks alleged to have been committed by Palestinians against settlers in the occupied territory of the West Bank – a "terrorist bombing" on February 16, 2002 and a "terrorist shooting" over a decade earlier, on March 26, 1991.

2. The terrorist bombing is the subject of a prior complaint in this Court, 02cv2280(RJL), which names as defendants Syria, Syrian defendants and the Palestinian Authority and the Palestine Liberation Organization. Plaintiffs purported to dismiss the claims against Syria and the Syrian defendants, without prejudice, in April 2005, which mooted a

1

Rule 12(b) motion defendants had filed for dismissal.   The earlier action remains pending against the PA and PLO.

3.  The terrorist shooting, alleged to have happened over 15 years ago, is not mentioned in the earlier complaint filed in 2002.  Defendants will show in their response to the complaint that the shooting claims are untimely and are barred by Syria's sovereign immunity.

4.  The due date noted by the Clerk for the Syrian defendants to respond to the complaint is October 30, 2006.  This is based on reported service in Damascus on August 30, 2006.  Defendants response will show that the service failed to comply with the service requirements of the Foreign Sovereign Immunities Act and that as a result under 28 U.S.C. § 1330(b) no personal jurisdiction exists.

5.  Because of the difficulties the government of Syria has in coping with foreign litigation, in understanding the meaning and significance of foreign documents as they are received, in acting upon them and  communicating with counsel, particularly at this difficult time for Syria and the Middle East,  obtaining necessary authorizations and referring this case to U.S. counsel has been time-consuming.

6.  Defendants need additional time to ascertain underlying facts with respect to the documents served in Damascus.   Counsel needs to examine further the issues raised by plaintiffs tactics in dismissing their claims against Syria in the earlier action and then reinstating them with a new unconnected 15-year-old claim in the present action.  Defendants response also needs to address, although it may be unnecessary to reach the questions now in the absence of personal jurisdiction, the fundamental and extremely important issues of sovereign immunity and equal sovereignty and due process and fundamental fairness this case presents under

U.S. and international law, together with the issues presented by plaintiffs facile allegations that the Syrian defendants furnished material support for the acts of violence in 1991 and 2002 that are at issue.

6. No previous application for additional time has been made by defendants in this action.

7. A proposed order is submitted with this application.

Dated:   October 30, 2006                      Respectfully submitted,

/s/
Ramsey Clark D.C. Bar No. 73833

/s/
Lawrence W. Schilling
37 West 12th Street
New York, NY 10011
212-989-6613
212-979-1583-fax


Abdeen Jabara
113 University Place   8th floor
New York, NY 10003
212-598-0646

Attorneys for Defendants