UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTIR SCOTT SHATSKY, et al :
:
        Plaintiffs  :
:     06 cv 724(RJL)
v.  :
:
SYRIAN ARAB REPUBLIC, et al. :
:
        Defendants. :
_____ :

Declaration of Lawrence W. Schilling

Lawrence W. Schilling declares as follows pursuant to 28 U.S.C. §1746:

1. I am one of the attorneys for defendants in this action and submit this declaration in support of defendants Rule 12(b) motion to detail the errors in the papers purportedly served under §1608(a)(4) of the Foreign Sovereign Immunities Act upon Syria and the three sub-divisions of the Syrian government that are named as defendants together with five senior Syrian officials. This declaration is based upon my examination of a less then complete set of the documents forwarded by the government in Damascus to Syria's U.N. Mission in New York, and a complete set of the documents served in Damascus that was subsequently furnished to me by the State Department on December 1, 2006.

2. This action under the FSIA seeks to establish jurisdiction and strip Syria of its sovereign immunity under the state-sponsor of terrorism exception in FSIA §1605(a)(7), that was added to the FSIA by amendment in 1996. Service upon Syria and its three sub-divisions is claimed under FSIA §1608(a)(4) with diplomatic notes, one each to Syria and the three

subdivisions, delivered with papers attached to Damascus on August 30, 2006:  Note 566 for the Syrian Arab Republic, Note 567, the Syrian Ministry of Defense, Note 568, the Syrian Air Force Intelligence Directorate and Note 569, the Syrian Military Intelligence.  The docket contains a letter to the Clerk from the State Department reporting on the service and transmitting a copy of the documents served.  The docket shows no service or attempt at service upon the five senior Syrian officials named as defendants.

    3.  §1608(a)(4) requires service "of the summons and complaint and notice of suit, together with a translation of each into the official language of the foreign state, ..."  22 CFR 93.2 prescribes the contents of the Notice of Suit and requires service of a copy of the Foreign Sovereign Immunities Act as part of the Notice of Suit.

    4.  22 CFR 93.2 in an Annex requires among other things, that the Notice of Suit identify the parties, the nature of the documents served, the nature and purpose of the proceedings, the time for a response to the summons and complaint and state that questions relating to immunity are governed by the Foreign Sovereign Immunities Act of 1976, as amended, "which appears in sections 1330, 1391(f), 1441(d) and 1602-1611 of Title 28, United States Code (Pub. L. 94-583; 90 Stat. 2891)."

    5.  There are three major errors in the service purportedly made under §1608(a)(4).

    6.  The copy of the Foreign Sovereign Immunities Act that is included in the papers served on August 30, 2006 is outdated and incomplete.  It purports to set forth FSIA §§1602-1611 as amended in 1988, but omits §1330 and other provisions enacted in 1976 as part of the original FSIA and omits §1605(a)(7) and related amendments enacted in 1996, the very sections of the Act invoked by plaintiffs.  The Notice of Suit in English that was included in the papers But

not translated into Arabic, incorrectly stated: "A copy of the Foreign Sovereign Immunities Act of 1976, as currently in force, is attached hereto."

7. The second error is the inclusion of an Arabic translation of the wrong complaint, not the complaint that was filed in English to commence this action. The complaint in Arabic may have been the complaint filed in 2002 to commence the original Shatsky action, 02 cv 2280. It definitely is not a translation of the complaint filed in 2006.

8. The third error in the papers is the failure to include an Arabic translation of the Notice of Suit as §1608(a)(4) requires.

To summarize, service under §1608(a)(4) was fundamentally deficient because the papers actually served:

    (1) included an outdated and incomplete version of the FSIA,

    (2) included a translation into Arabic of the wrong complaint, and

    (3) failed to include a translation into Arabic of the Notice of Suit.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2006.

                                                                       /s/
                                               Lawrence W. Schilling