UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTIR SCOTT SHATSKY, et al   :
                                 :
        Plaintiffs      :
                                 :     06 cv 724(RJL)
v.                             :
                                 :
SYRIAN ARAB REPUBLIC, et al.   :
                                 :
      Defendants.    :
_____:

**Syrian Defendants Memorandum of Points and Authorities in Support of their Motion for Dismissal under Fed.R.Civ.P. 12(b)(2) and (5)**

Introduction

    This motion has a narrow focus – the fundamentally defective service of process upon Syria and its three subdivisions attempted under §1608(a)(4) of the Foreign Sovereignty Immunities Act.

    Initially as shown by their motions filed in this action, defendants had planned to file a much broader Rule 12(b) motion. When counsel on December 1, 2006 received from the State Department and examined the complete papers served on defendants in Damascus for the first time, the full extent of the fundamental errors of the service became apparent. Because service of process on a foreign state in civil actions under the Foreign Sovereign Immunities Act is important both to the foreign State and to the United States and has the potential to impact on the foreign relations of both, it became necessary in defendants judgment to demonstrate by this motion these fundamental errors in the service attempted under FSIA §1608(a)(4).

**The Service of Process Syria Received Was
Defective – It Not Only Omitted To Present Information
To Which Syria Was Entitled Under FSIA §1608(a)(4), It Also
Presented Information that was Erroneous and Potentially
Misleading and Potentially Harmful**

Two key documents required to be included in service upon a foreign state under 28 U.S.C. §1608(a)(4), critically important to Syrian officials whose language is Arabic, were omitted from the documents served upon Syria in this case.

As detailed in the declaration of Lawrence W. Schilling submitted in support of this motion, one omitted required document is a translation into Arabic of the Notice of Suit required by §1608(a)(4). The Notice explains what the case is about and procedures to be followed by the foreign state. A translation of this required notice which is critically important because it explains the action and procedures to foreign officials in their own language was simply omitted. The required contents of a Notice of Suit are set forth in 22 CFR §93.2 and include identifying the parties, the nature of the documents served, the nature and purpose of the proceedings, the time for a response to the summons and complaint and stating that questions relating to immunity are governed by the Foreign Sovereign Immunities Act.

A second required document that was not furnished is a translation into Arabic of the complaint in the action. A complaint translated into Arabic was included in the papers served, but it was the wrong complaint, not the complaint filed in April 2006 to commence this action. The wrong complaint included other defendants not being sued in this case, various allegations relating to them, and omitted two additions in the complaint actually filed – an attempt to impose liability upon the Syria officials in their personal capacity and a completely new claim dating back to 1991. These make the wrong complaint dangerously misleading and potentially far more

harmful than the complete omission of any complaint in Arabic.

Syrian officials in Damascus, receiving or processing the papers transmitted by the State Department would likely assume the complaint in Arabic actually served was the correct complaint. It appears instead to have been the complaint in the first <u>Shatsky</u> case that was filed in 2002, against the same Syrian defendants as the present case, plus the Palestine Liberation Organization and the Palestinian Authority. Plaintiffs voluntarily dismissed that action against the Syrian defendants in 2005. It remains pending against the PLO and PA.

Syrian officials receiving the papers served may or may not have known the case had been previously filed in 2002. Those who may have known the case had been previously filed, may have readily accepted the idea the complaint filed in 2002 was being refiled to commence a new action in 2006, as the complaint in Arabic actually served may have appeared to be. However, the new complaint was different, as described.

The new complaint filed in English was significantly different. In addition to deleting the PLO and PA as defendants and revising references to them, it contained two important additions. First, it added an important dimension to the charges against the individual defendants. In a new count, Count Seven, it sought to hold each of the five individual defendants liable in his personal capacity as well as in his official capacity. The 2002 complaint had sought to impose liability on these defendants only in their official capacity.

Second, it alleged a completely new unrelated act of violence --an alleged fatal shooting attack in the West Bank occurring in 1991, not mentioned in the original 2002 complaint. There was no document in Arabic included in the service of process that mentioned the new cause of action the complaint contained.

The Syrian officials naturally reading the Arabic translation of the complaint included with the service would be misled about the new case in fundamentally important ways which apparently escaped notice since it was never mentioned, had not their counsel received and reviewed the complete materials served on December 1, 2006 and realized the wrong complaint in Arabic had been transmitted.

The papers actually served in this action included another important basic document with incorrect and misleading information -- a copy of the Foreign Sovereign Immunities Act that is out of date and incomplete. It lists FSIA §§ 1602-1611 as of 1988. It omits §1330 and other provisions enacted as part of the original FSIA in 1976 and also omits §1605(a)(7) and related provisions added to the FSIA by amendment in 1996. These were the very provisions the <u>Shatsky</u> plaintiffs are invoking against Syria in this action. Any Syrian official reading the incomplete statute could not find the very statutory base for the case claimed by plaintiffs.

It's not possible to know what effect, if any, these basic defects in service under §1608(a)(4) have had – or how, for example, they affected Syrian understanding and processing of the case in Damascus.

Neither Syria nor its counsel nor the Court should be called upon to speculate as to the effect of these basic errors. They destroy the effectiveness of the service and defeat the important purposes of the service requirements applicable to sensitive foreign policy matters.

Strict compliance with the rules for service of process upon foreign states under the FSIA is generally required. See <u>Transaero, Inc.</u> v. <u>La Fuerza Aerea Boliviara</u>, 30 F.3d 148, 154 (D.C. Cir. 1994) ("In cases under section 1608(a), however, the decisions have rarely excused defective service, (citing cases). Leniency in this case would disorder the statutory scheme.") In some

cases substantial compliance may suffice.  But this is not a case of substantial compliance.  See Straub v. A.P. Green, Inc., 38 F.3d 448, 453 (9th Cir. 1994) ("failure to deliver a complaint in the correct language is such a fundamental defect that it fails both a 'strict compliance' test and a 'substantial compliance' test.")  The service here was woefully lacking and failed to comply with essential requirements of service under §1608(a)(4).

## Conclusion

This case arises from the Israeli-Palestine conflict and the decades long occupation by Israel of Palestinian territory.  The events at issue are genuinely tragic, but unfortunately not unique.  Thousands of innocent civilians on both sides have been killed or injured in the conflict.

Syria is being charged with responsibility for acts allegedly done by Palestinians and for its support of Palestinians.  Syria believes cases like this one do not belong in U.S. courts and will contest the jurisdiction of U.S. courts and assert its right to immunity and equal sovereignty and other rights under international law if effective service of process is accomplished.

If and when plaintiffs effect proper service of the complaint upon Syria under FSIA §1608(a)(4) Syria intends to move for dismissal on a broad range of grounds, asserting among other things that this court lacks jurisdiction, that this action violates its rights to due process and fundamental fairness under U.S. and international law, that the action violates Syria's right to equal sovereignty, that its designation by the Secretary of State as a state sponsor of terrorism is arbitrary and impermissibly discriminatory, that the statute that provides for designation of state sponsors of terrorism and their loss of sovereign immunity as a consequence is unconstitutional

and contrary to international law on several grounds, and that claims based on the 1991 shooting attack are time-barred. and legally insufficient.

The service of process upon Syria in this case is extraordinarily deficient. For it to stand would vitiate the reciprocal respect for the rights of foreign states that is built into the service provisions of FSIA §1608(a)(4).

This case should be dismissed against Syria and its three subdivisions for insufficiency of service of process, and since no claim is made of service of process upon the five Syrian officials named as defendants, should be dismissed against all defendants for lack of personal jurisdiction.

Defendants motion for dismissal under Rule 12(b)(2) and (5) should be granted.

Dated: December 7, 2006

Respectfully submitted,
/s/
Ramsey Clark
  D.C. Bar No. 73833

/s/
Lawrence W. Schilling

37 West 12th Street, 2B
New York, NY 10011
212-989-6613
212-979-1583 fax
lwschilling@earthlink.net

Abdeen Jabara
113 University Place
8th Floor
New York, NY 10003
212-598-0646

Attorneys for the Syrian Defendants