# MCINTYRE, TATE & LYNCH LLP

COUNSELLORS AT LAW

JERRY L. MCINTYRE †
DEBORAH MILLER TATE *Δ
WILLIAM J. LYNCH
DAVID J. STRACHMAN*
ROBERT S. PARKER*

Also member
† New York Bar
* Massachusetts Bar
Δ Florida Bar

VIA FEDERAL EXPRESS #7911 1386 5213

March 30, 2007

Edward Betancourt
Office of Policy Review & Interagency Liaison
Overseas Citizens Services
U.S. Department of State
SA-29
Fourth Floor
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

    Re:    **Shatsky v. The Syrian Arab Republic, et al.**
             06-00724(RCL)

Dear Mr. Betancourt:

This letter is being dispatched to you by the Clerk of the US District Court for the District of Columbia and follows my prior conversation with Attorney William Fritzlen of your office on December 19, 2006.

**1. Request for assistance with service on the Syrian Ministry of Defense, Syrian Military Intelligence, and Syrian Air Force Intelligence Directorate**

Last spring, we initiated service on the defendants in this action. While your office was successful in serving the defendants via diplomatic means, the defendants subsequently challenged certain translations that accompanied the pleadings.

Therefore, out of an abundance of caution, we are asking that you reserve each of the following three defendants: the Syrian Ministry of Defense, Syrian Military Intelligence, and Syrian Air Force Intelligence Directorate.

Enclosed please find:

1. Three checks made payable to the U.S. Embassy – Damascus for $735 each
2. Service packages for each defendant, including two copies of the following:
    - Summons- and Arabic translation
    - Complaint- and Arabic translation
    - Notice of Suit- and Arabic translation and copy of the Foreign Sovereign Immunities Act

## 2. Service on Syrian Ministry of Defense

Section 1608(a) governs service of process on a foreign state and a political subdivision of a foreign state. Under the binding precedent of the Court of Appeals for the District of Columbia Circuit, a ministry of a foreign state is a political subdivision of a foreign state. See Transacro, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 151-153 (D.C. Cir. 1994); Roeder v. Islamic Republic of Iran, 333 F.3d 228, 234-235 (D.C. Cir. 2003).

It is also the official position of the United States government that the ministry of defense of a foreign state is a political subdivision of a foreign state. See Brief for the United States as Amicus Curiae, filed in Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Elahi, 2005 WL 3477863 (U.S.)

In actions brought in this federal circuit, the Syrian Ministry of Defense must therefore be served pursuant to §1608(a), and we request that you do so.

Upon receipt of this package from the Clerk of the US District Court for the District of Columbia, kindly confirm receipt of this letter and that the service process is being commenced.

Thank you for your courtesy.

Sincerely,

David J. Strachman

DJS/ms
Enclosures