UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

      Plaintiffs,

                    06 cv 724 (RJL)

  vs

THE SYRIAN ARAB REPUBLIC, et al.

      Defendants.

**SYRIA'S RESPONSE TO PLAINTIFFS MOTION FOR A BRIEF ENLARGEMENT**

### Introduction

Serious issues, identified below, are raised by plaintiffs present motion viewed in context as part of plaintiffs course of conduct in filing a Notice of Voluntary Dismissal on May 2, 2005 in an action originally filed in November 2002, based on events occurring in 2002, (02cv2280(RJL)), to eliminate Syria and all other Syrian parties as defendants in the original action in order to pursue a default judgment against other defendants, and filing this action eleven months later in April 2006 on the same claims against the same Syrian defendants in a complaint that has also added two new plaintiffs and a completely new, unrelated cause of action involving events which occurred in 1991.

However, the proposed order Syria is filing with this Response permits plaintiffs motion to be resolved without any immediate need to decide or consider the ramifications of these issues.

Syria's proposed order grants plaintiffs the relief they are requesting on their motion,

except that it provides that if plaintiffs opt to file an amended complaint, which would be their third complaint against Syria, they must obtain leave of the Court to do so.

**Argument**

Plaintiffs have used the Notice of Voluntary Dismissal they filed on May 2, 2005 under Fed.R..Civ.P. 41(a)(1)(i) in their original action filed in November 2002 (02cv2280 DE 55, attached) for two questionable if not improper purposes:

(1) to circumvent the final judgment rule by dropping Syria, including its related defendants, leaving the PA and PLO as the sole defendants in the original action for the purpose of clearing the way for the entry of the default judgment plaintiffs anticipated securing against the PA and PLO, cf. e.g. Rabbi Jacob Joseph School v. Province of Mendoza, 425 F.3d 207, 210-11 (2d Cir. 2005)(appellate jurisdiction was lacking because claim for interest had been voluntarily dismissed without prejudice).

(2) to bypass the requirement that the addition of new parties should be done with leave of the Court under Rule 21 rather by amendment under Rule 15(a). See Momentum Luggage & Leisure Bags v. Jansport, Inc., 2001 U.S. Dist. LEXIS 415 (S.D.N.Y. 2001) and cases there cited, denying plaintiff's request for leave *nuc pro tunc* to amend the complaint to add additional defendants; cf. Wiggins v. District Cablevision, Inc, 853 F.Supp. 484, n.28 and accompanying text at 498-99 (D.C.D. 1994)(upon the filing of a first amended complaint, Rule 21 requires plaintiff to request leave to add a party).

Plaintiffs Notice explicitly and repeatedly identifies their purpose to circumvent the requirements of the final judgment rule, stating, for example, in footnote 1, "...the default of the

PLO and PA [has] cleared the way for entry of final judgment on all issues."

The Notice makes clear that no final dismissal was at any time intended by plaintiffs. It asserts with emphasis that the dismissal "shall be **without prejudice**," that plaintiffs will refile the same claims against Syria in this Court in a new action "shortly" and that when they do so they will designate the two actions as related.

Splitting the action they filed originally against multiple defendants into two actions in this way multiplies proceedings and burdens the Court and opposing parties needlessly. Rule 54(b) is intended for use in securing judgments that are final when additional parties or claims remain to be resolved.

Syria has not seen plaintiffs proposed third complaint. Perhaps it has not even been drafted. The pleading if and when it appears may be objectionable, as was true of the second complaint which plaintiffs filed to commence this action on April 21, 2006, eleven months after the "dismissal" on May 2, 2005, and a year and a half ago. As appears from Syria's pending Rule 12(b) motion in this action, the new and unrelated claim added in the second complaint is jurisdictionally defective, legally insufficient and time-barred. These flaws would have been challenged at the outset if plaintiffs had sought leave to file the second complaint, which they avoided by their voluntary "dismissal." Given the time that has lapsed, it's very possible that any third complaint plaintiffs seek to file, will not make minor adjustments, but like the second complaint may well try to effect drastic and untimely expansions of the case.

## Conclusion

Under all of the applicable circumstances, if plaintiffs opt to file a third complaint they should be required to seek leave to do so.

Dated: October 22, 2007                     Respectfully submitted,

/s/

Ramsey Clark D.C. Bar No.73833
Lawrence W. Schilling
37 W. 12 St.  2B
New York, NY 10011
212-989-6613; fax 212-979-1583
lwschilling@earthlink.net

Abdeen Jabara
113 University Place 8th floor
New York, NY 10003
212-598-0646

Attorneys for the Syrian Arab Republic