UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SHABTAI SCOTT SHATSKY, et al.**

    **Plaintiffs,**

                                      **06-CV-724(RJL)**

    **v.**

**THE SYRIAN ARAB REPUBLIC, et al**

    **Defendants**

**PLAINTIFFS' NOTICE OF ENACTMENT OF
SUPERSEDING LEGISLATION
AND APPLICATION FOR RELATED RELIEF**

On December 28, 2007, plaintiffs moved to stay briefing on defendants' pending motion to dismiss until January 30, 2008, in light of the fact that the provision under which this action was brought, the "terrorism exception" to the Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. §1605(a)(7), was on the verge of being repealed and replaced by a new provision, §1605A, pursuant to § 1083 of the National Defense Authorization Act for Fiscal Year 2008 ("Defense Act"). *See* dkt. #29.

In that motion (which defendants did not oppose), plaintiffs argued that enactment of the provision of the Defense Act replacing §1605(a)(7) with §1605A would moot defendants' pending motion to dismiss, particularly since the gravamen of defendants' motion is a challenge to the Court's subject-matter jurisdiction under §1605(a)(7).

The President signed the Defense Act on January 28, 2008, thereby repealing §1605(a)(7) and enacting in its place a new provision, §1605A, which significantly expands the remedies which were previously available to U.S. victims of state-sponsored terrorism under §1605(a)(7). *See* Public Law 110-181, §1083(a)-(b).

Syria's pending motion to dismiss under §1605(a)(7) is therefore moot.

Section 1083(c) of the Defense Act contains provisions governing the disposition of cases which, like the instant case, are currently pending under §1605(a)(7). Under those provisions, within 60 days of passage of the Defense Act, a plaintiff may either move to convert a pending §1605(a)(7) action into a §1605A action (under certain conditions), or refile the action under §1605A without running afoul of the limitations period. *See* §1083(c).

Thus, within the next 60 days, plaintiffs must move to convert the existing suit into a §1605A action and/or refile this case as a §1605A action, as provided in §1083(c).

Plaintiffs are now studying the relevant provisions of the Defense Act and considering whether, in light of those provisions and the circumstances of this case, the proper course is to file a motion to convert the case to a §1605A action or to refile the case as a §1605A action. Plaintiffs will definitely take one of these courses of action within the 60 day period permitted by §1083(c) of the Defense Act.

Accordingly, plaintiffs respectfully request that this action be stayed for the 60 day period provided by §1083 of the Defense Act, during which time plaintiffs will either move to convert the action to a §1605A action or file a new action under §1605A. In the event that plaintiffs follow the latter course, they will of course designate the new case as related to the instant case.

January 30, 2008

                                      Plaintiffs,
                                      by their Attorneys,

                                      /S/David J. Strachman
                                      David J. Strachman
                                      District Court of D.C. Bar No. D00210
                                      McIntyre, Tate & Lynch LLP
                                      321 South Main Street, Suite 400
                                      Providence, RI 02903
                                      (401) 351-7700
                                      (401) 331-6095 (fax)
                                      djs@mtlhlaw.com

## CERTIFICATION

      I certify that on January 30, 2008 I served via ecf the within to the following counsel of record:

Ramsey Clark
Lawrence W. Schilling
37 West 12th Street
Suite 2B
New York, NY 10011

                                      /S/ David J. Strachman