UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

          Plaintiffs,

    v.                                    06-CV-724(RJL)

THE SYRIAN ARAB REPUBLIC, et al

          Defendants.

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND

For the reasons set forth in the attached memorandum, plaintiffs respectfully move for an Order

(1) Pursuant to Fed.R.Civ.P. 15(a)(2), granting plaintiffs leave to file a Second Amended Complaint in this action in the form attached hereto as Exhibit A; and

(2) Granting any other relief the Court finds just, necessary or appropriate.

                              Plaintiffs,
                              by their Attorneys,

                              /S/ David J. Strachman
                              David J. Strachman
                              District Court of D.C. Bar No. D00210
                              McIntyre, Tate & Lynch LLP
                              321 South Main Street, Suite 400
                              Providence, RI 02903
                              (401) 351-7700
                              (401) 331-6095 (fax)
                              djs@mtlhlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

                Plaintiffs,

                                              06-CV-724(RJL)

    v.

THE SYRIAN ARAB REPUBLIC, et al

                Defendants.

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND

#### Introduction

    This is a civil action for wrongful death, personal injury and related torts brought by United States citizens, and by the guardians, family members and personal representatives of the estates of United States citizens, who were murdered and injured by terrorist attacks sponsored and facilitated by the Syrian Arab Republic ("Syria") and the other defendants.

    This action was filed pursuant to the "terrorism exception" to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1605(a)(7).

    On January 28, 2008, the President signed the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"). Section §1083 of the NDAA repeals §1605(a)(7) of the FSIA and replaces it with a new provision, §1605A.

    Section 1605A is a remedial statute containing a number of provisions which will considerably ease and expedite civil actions against foreign state sponsors of terrorism:

    **First**, §1605A(c) provides U.S. citizens and their family members harmed by terrorist attacks a new federal cause of action against designated state sponsors of terrorism and their

officials, employees, or agents who perpetrated and/or sponsored the attack. *See* 28 U.S.C. §1605A(c).

Until now, in the absence of a federal cause of action against such terrorist state defendants, the judges of this court were constrained to rely on state law to find causes of action in suits brought under §1605(a)(7), often resulting in vastly different relief for American victims of the same terrorist attack. *See e.g. Peterson v. Islamic Republic of Iran*, 515 F.Supp.2d 25 (D.D.C. 2007) (granting or denying damage awards to family members of U.S. servicemen killed in 1983 attack on U.S. Marine Corps barracks in Beirut, on the basis of widely disparate rules of recovery obtaining in each plaintiff's respective state of domicile).

As the sponsor of §1605A, Senator Lautenberg, explained shortly before its passage:

> [J]udges have been prevented from applying a uniform damages standard to all victims in a single case because a victim's right to pursue an action against a foreign government depends upon State law. My provision in this bill fixes this problem by reaffirming the private right of action…against the foreign state sponsors of terrorism themselves.

S55, Congressional Record – Senate (Jan 22, 2008) (statement of Sen. Lautenberg).

**Second**, §1605A(f) provides that "In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this title."

This provision eliminates the current situation in which state sponsors of terrorism delay litigation for years by invoking the "collateral order doctrine" to obtain automatic interlocutory appeals of decisions denying motions to dismiss on grounds of sovereign immunity.

**Third**, §1605A(g) permits plaintiffs to establish a lien of lis pendens on property of the foreign state sponsor of terrorism immediately upon filing of the action, thereby preventing such terrorist states from removing their assets from the jurisdiction while the action is pending.

2

Accordingly, plaintiffs respectfully move to amend their complaint in this action to assert a cause of action under §1605A(c) and to bring the text of the complaint into conformance with the new statutory regime created by §1605A.

A copy of plaintiffs' proposed amended complaint is attached hereto as Exhibit A.

## ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides in relevant part that, before trial, "a party may amend its pleading only with … the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has explained the "freely give leave" directive of Rule 15(a)(2) as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

There is no question that the *Foman* standard remains good law. *See e.g. Harris v. Secretary, U.S, Dept. of Veterans Affairs*, 126 F.3d 339, 344 (D.C.Cir. 1997) (quoting the above passage from *Foman* in full and holding that "Rule 15(a) … instructs the District Court to determine the propriety of amendment on a case by case basis, using a generous standard."); *Hisler v. Gallaudet University*, 206 F.R.D. 11, 13 (D.D.C. 2002) (quoting *Foman* for the rule that "It is an abuse of discretion by the court to deny leave to amend unless there is a sufficiently compelling reason, such as 'undue delay, bad faith, or dilatory motive[,] ... repeated failure to cure deficiencies by [previous] amendments[,] ... [or] futility of amendment.'").

3

All of the factors enumerated in *Foman* favor granting the plaintiffs leave to amend:

Clearly, there has been no "undue delay, bad faith or dilatory motive on the part of the movant[s]" here, since the plaintiffs' motive in amending their complaint is to seek the new avenues of relief recently provided by Congress in the newly-enacted §1605A. Needless to say, the plaintiffs could not have sought such an amendment **before** Congress passed the NDAA.

Nor has there been a "repeated failure to cure deficiencies by amendments previously allowed." Plaintiffs previously amended their complaint by right under Rule 15(a)(1) at their own initiative, not due to any "deficiency" and for reasons wholly unrelated to §1605A (which was enacted long after the amended complaint was filed).

Neither can defendants claim with a straight face that they will suffer any prejudice – much less "undue prejudice" – if the instant motion is granted. This case is in its infancy: defendants have filed nothing more than opening papers on a Rule 12(b) motion to dismiss. Since the proposed Second Amended Complaint is virtually identical to the extant complaint, defendants can refile their Rule 12(b) motion with only the merest modifications (caption, page numbers, etc.) and minimum effort.

Finally, there is certainly no concern at all here about the "futility of amendment." On the contrary, the amendment adds a new cause of action which Congress enacted for the express purpose of enabling American victims of terrorist attacks such as the instant plaintiffs to obtain relief from foreign state sponsors of terrorism such as Syria.

Indeed, given the clear remedial purpose of the statute it is pellucid that "justice … requires" (Rule 15(a)(2)) that plaintiffs be permitted to amend their complaint.

WHEREFORE, plaintiffs' motion should be granted.

Plaintiffs,
by their Attorneys,

/S/ David J. Strachman
David J. Strachman
District Court of D.C. Bar No. D00210
McIntyre, Tate & Lynch LLP
321 South Main Street, Suite 400
Providence, RI 02903
(401) 351-7700
(401) 331-6095 (fax)
djs@mtlhlaw.com

CERTIFICATION

I certify that on April 10, 2008 I served via ecf the within motion, memorandum, Second Amended Complaint and proposed order to the following counsel of record:

Ramsey Clark
Lawrence W. Schilling
37 West 12th Street
Suite 2B
New York, NY 10011

/S/ David J. Strachman

5