# EXHIBIT  E

MAR 18 2008

Dear Madam Speaker:

We are writing to transmit to Congress a legislative proposal for Presidential authority to waive Section 1083 of the 2008 National Defense Authorization Act ("NDAA") for states that have been removed from the list of state sponsors of terrorism. When states, at our urging, take the necessary steps for this change of status under U.S. law, the United States has a strong interest in developing commercial and security relationships with them to provide a continuing incentive to stand with us against the threats of global terrorism. Indeed, in some cases offering them such relationships encourages states to end their support for terrorism. In its current form, Section 1083 will operate to hamper severely this vital foreign policy and national security goal, and we urge Congress to enact swiftly the proposed legislation.

Section 1083 applies both to current state sponsors of terrorism and states such as Libya, which is no longer designated a state sponsor after having met the conditions necessary for rescission of that designation as a state sponsor of terrorism. It subjects them without distinction to a new set of potential lawsuits retroactively, significantly greater potential liability over longer periods, and interference with their assets both before and after judgments. Besides signaling that states that meet our counter-terrorism concerns will not reap benefits in their relationship with the U.S., Section 1083 also discourages states whose terrorism designation has been rescinded from investing in the United States, and seriously disadvantages U.S. companies engaging in business ventures with these states. Decreased economic engagement, in turn, will make it more, rather than less, difficult for American claimants to receive compensation for claims they have brought in U.S. courts. These effects are contrary to the foreign policy, security, and economic interests of the United States.

The case of Libya illustrates the gravity of this problem. Despite the passage of Section 1083, Libya continues participating actively in the U.S.

The Honorable
    Nancy Pelosi,
        Speaker of the House of Representatives.

legal system to resolve pending claims and has been exploring possible settlement of many of these cases, which would have the advantage of sparing claimants the burden of years of litigation and uncertain recovery at the end of the process. However, implementation of Section 1083 will seriously hamper that effort by creating doubts for Libya and other countries about the utility of cooperating with the U.S. legal system. In addition, the attachment provisions of Section 1083 will appear to such countries as a new form of economic sanctions, and will also have a chilling effect on potentially billions of dollars in investments by U.S. companies in Libya's oil sector, investments affecting U.S. energy security, and on substantial anticipated U.S. construction projects with Libya.

The Administration remains committed to helping American victims of terrorism obtain justice through fair and appropriate compensation. Beyond the requested waiver authority, we are not seeking changes to U.S. law permitting suits against countries designated as state sponsors of terrorism. Indeed, the Administration could foresee using the waiver authority at a time and in a manner to advance the interests of American claimants to the extent possible. Accordingly, we urge Congress to pass the proposed waiver authority to provide the President with the necessary flexibility to determine how best to manage U.S. relations with states that have ceased their support for terrorism, and to encourage current state sponsors of terrorism to end their support for terrorism in all its forms. This is a goal we all share.

Sincerely,

Robert Gates
Secretary of Defense

Condoleezza Rice
Secretary of State

Samuel W. Bodman
Secretary of Energy

Carlos M. Gutierrez
Secretary of Commerce

Attachments:

1 – Proposed Waiver for Former State Sponsors
2 – Section-by-Section Analysis

**Proposed Waiver for Former State Sponsors**

PL 110-181 is amended in Section 1083 by making current section (e) section (f) and inserting new section (e) as follows:

(e) Applicability to Former State Sponsors of Terrorism.—

(1) APPLICABILITY.—The President may waive any provision of this section with respect to any state if, at the time the waiver is executed, the state's designation as a state sponsor of terrorism, as defined by 28 U.S.C. 1605A(h)(6), has been rescinded, insofar as that provision may, in the President's determination, affect that state or any agency or instrumentality thereof, if the President determines that the waiver is in the national security interest of the United States.

(2) TEMPORAL SCOPE.—The authority under paragraph (1) shall apply—

(A) with respect to any conduct or event occurring before or on the date of the enactment of this Act;

(B) with respect to any conduct or event occurring before or on the date of the exercise of that authority; and

(C) regardless of whether, or the extent to which, the exercise of that authority affects any action filed before, on, or after the date of the exercise of that authority or of the enactment of this Act.

(3) NOTIFICATION TO CONGRESS.—A waiver by the President under paragraph (1) shall cease to be effective 30 days after it is made unless the President has notified Congress in writing of the basis for the waiver as determined by the President under paragraph (1).

(4) SENSE OF CONGRESS.—It is the sense of the Congress that the President, acting through the Secretary of State, should work with the government of any state for which a waiver is executed under paragraph (1) on a state-to-state basis to ensure compensation for any meritorious wrongful death or personal injury claims based on terrorist acts committed against individuals who were United States nationals at the time of those terrorist acts and whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority under paragraph (1).

Section-by-Section Analysis

H.R. 0000/S. 0000 amends PL 110-181 by inserting new subsection (e) in Section 1083, which itself amended various provisions of the Foreign Sovereign Immunities Act. Subsection (e) authorizes the President to make any provision of Section 1083 inapplicable to states that are no longer designated as state sponsors of terrorism. Subsection (e) contains authorities and requirements comparable to those in Section 1083(d), which authorized the President to waive any provision of Section 1083 with respect to Iraq.

Subsection (e)(1) authorizes the President to waive any provision of Section 1083 with respect to any state previously designated a state sponsor of terrorism (as defined by 28 U.S.C. 1605A(h)(6)), if the state's designation is rescinded before the President executes the waiver. The President's waiver authority is conditioned on the President's determination that the waived provision would affect the state or any of its agencies or instrumentalities and the waiver is in the United States' national security interest.

Subsection (e)(2) defines the temporal effect of the President's waiver. The subsection provides that the waiver shall apply with respect to any conduct or event occurring before or on the date of enactment of the Act, or the date of the President's waiver. In addition, the waiver shall apply without regard to the effect the waiver may have on any action filed before, on, or after the date of the enactment of the Act, or the date of the President's waiver.

Subsection (e)(3) states that any waiver made under subsection (e)(1) will cease to be effective 30 days after the waiver is made unless the President notifies Congress in writing of the basis for the waiver.

Subsection (e)(4) expresses the sense of the Congress that the President, acting through the Secretary of State, should work with the government of any state for which a waiver is made under subsection (e)(1) to ensure compensation for any meritorious wrongful death or personal injury claim based on terrorist acts committed against individuals who were United States nationals at the time of those terrorist acts and whose claims cannot be addressed in courts in the United States due to the exercise of the waiver authority.