UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SHABTAI SCOTT SHATSKY, et al

        Plaintiffs,

   v.

THE SYRIAN ARAB REPUBLIC, et al.

        Defendants,
_____

Judge Richard J. Leon

06cv724(RJL)


**[PROPOSED] SURREPLY OF THE SYRIAN ARAB REPUBLIC
IN FURTHER OPPOSITION TO PLAINTIFFS
MOTION TO AMEND**

**Introduction**

    This Surreply rebuts plaintiffs arguments based on two decisions belatedly cited and unsoundly relied upon by plaintiffs for the first time in their Reply filed on May 1, 2008.. *Clay v. Socialist People's Libyan Arab Jamahirya*, 06cv 707(RWR), 2008 U.S. Dist. LEXIS 15949, 2008 WL 591008 (D.C.D.. March 3, 2008), and *Harris v. Socialist People's Libyan Arab Jamahirya*, 06cv732(RWR), 2008 U.S. Dist. LEXIS 15996, 2008 WL 591009 (D.C.D. March 3,. 2008). Both decisions granted timely motions to amend a §1605(a)(7) complaint in a pending case to assert claims under §1605A, in the absence of a new complaint, but as discussed infra, are distinguishable and do not support plaintiffs motion in this case.

**Argument**

There are two decisive differences between this case and <u>Clay</u> and <u>Harris</u> that require denial of plaintiffs present motion to amend. Moreover, <u>Clay</u> and <u>Harris</u> have no authoritative value on the proposition for which plaintiffs cite them – that a complaint like plaintiffs, pending under FSIA §1605(a)(7), can be amended to state claims under §1605A despite the plaintiffs non-compliance with the requirements of §1083, here the 60-day filing period requirement, and their prior refiling of the case on March 21, 2008, in the same Court as a new action under §1605A.

**A. There are two decisive differences between the present case and Clay and Harris:**

    **1. Plaintiffs motion is untimely.** A motion to amend a §1605(a)(7) complaint pending at the time §1083 is enacted, in order to incorporate the terms and benefits of §1083, as in the present case, must be filed within a 60 day period beginning on the date of enactment, i.e. by March 27, 2008. See §1083(c)(2)(C)(ii), the motion to amend may be made "only ... within the 60-day period beginning on the date of the enactment of this Act." . The motions to amend in <u>Clay</u> and <u>Harris</u> were timely. They were filed on January 31, 2008, three days after the enactment of §1083, and of course well within the 60 day period. See <u>Clay</u> docket, 06cv707(RWR). DE 28, and <u>Harris</u> docket, 06cv732(RWR). DE 28.

    Plaintiffs in the present case were well aware of the provisions of §1083, as is shown, for example, by their filings on December 28, 2007 (DE 29), and January 30, 2008 (DE 30), requesting stays of this case to give them time to decide what action they would take under §1083, which this Court granted.

    **2. Plaintiffs have commenced a new action.** Plaintiffs refiled this case as a new action

in this Court on March 21, 2008, within the 60-day period, and before filing their untimely motion to amend their complaint under §1605(a)(7) on April 10, 2008.  Shatsky v. Syrian Arab Republic, 08cv496 (RJL), asserting claims under §1605A and other provisions of §1083.  So far as the dockets show, plaintiffs in Clay and Harris did not refile the cases as new actions in this District Court either before or after moving on January 31, 2008 to amend their pending §1605(a)(7) complaints.

      Having chosen to file a new action, plaintiffs in the present case cannot pursue an amendment to their present action having chosen to file their new action which is based on the same allegations.

**B.  There is no authority for the amendment  
of plaintiffs complaint on the present motion.**

      Neither decision in Clay nor Harris discussed the requirements of §1083 which are at issue here.  The provisions of §1083 were discussed at length in the motion papers in each case.  The motions were contested by Libya, a defendant in both actions.  While some issues with respect to the amendment of the complaint under §1083 may remain in these two cases, there was no assertion by plaintiffs in Clay or Harris that the 60-day time period in § 1083 for amending a pending §1605(a)(7) complaint could be disregarded.  Plaintiffs have already filed one amended complaint in this case, and cannot invoke the "one amendment as of right" rule, the Court applied in Clay and Harris, even assuming it is available to plaintiffs amending their §1605(a)(7) complaints for the first time in §1083 cases, more than 60-days after the enactment of §1083.  We have found no authority for the position being urged by plaintiffs in this case – that their pending §1605(a)(7) complaint can be amended either pursuant to §1083 or Fed.R.Civ.P. 15(a) to

3

state §1605A claims after the expiration of the 60-day period §1083 allows for the filing of an amended complaint and after the refiling of the case in this Court as a new action under §1605A.

## Conclusion

Plaintiffs motion to amend should be denied.

Dated: May    , 2008                             Respectfully submitted,


    s/

Ramsey Clark  DC Bar 73833

    s/

Lawrence W. Schilling
37 W. 12th St   2B
New York, NY 10011
212-989-6613   fax 212-979-1583
 lwschilling@earthlink.net


Abdeen Jabara
113 University Place 8th Floor
New York, NY 10003
212-598-0646

Attorneys for the Syrian Arab Republic