# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

      v.                                               Civ. No. 06-00724 (RJL)

SYRIAN ARAB REPUBLIC, et al.

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

On June 29, 2012, this Court ordered Plaintiffs to show cause in writing "within thirty days of th(e) order why th(is) action should not be dismissed without prejudice for failure to prosecute pursuant to local rule 83.2….". [DE 45][1] ("Order to Show Cause")

Plaintiffs now file their written response to the Order to Show Cause.

## RELEVANT BACKGROUND

This is a civil action filed under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. Sec. 1602 *et seq*., seeking relief from Defendants Syrian Arab Republic ("Syria") and other Syrian agencies and instrumentalities, based on their provision of massive material support and resources to the Popular Front for the Liberation of Palestine ("PFLP"), a terrorist organization which carried out terrorist attacks on the date and in the manner specified in the Complaint and Amended Complaint in this case. [DE 1; DE 26]

Allegations against these Syrian Defendants initially were brought as part of an earlier-filed case, *Shatsky et al. v. Syrian Arab Republic*, 02-cv-2280-RJL, together with allegations against the Palestinian Liberation Organization ("PLO") (an umbrella organization of which the

---

[1] The Order to Show Cause apparently was signed by the Court on June 29, 2012; but was not entered on the docket until July 3, 2012. [DE 45]

1

PFLP is a constituent part) and the Palestinian Authority ("PA"), brought under a separate and distinct statutory framework, the Anti-Terrorism Act ("ATA"), 18 U.S.C. Sec. 2233 *et seq*.

On May 2, 2005, Plaintiffs voluntarily dismissed these Syrian Defendants from 02-cv-2280-RJL [DE 55 in 02-cv-2280-RJL], and filed the Complaint in the instant action on April 21, 2006. [DE 1] Plaintiffs dismissed these Syrian Defendants from the earlier-filed case and initiated this separate action for a variety of reasons.

First, the factual allegations and supporting evidence of material support to the terrorist organization PFLP are independent and distinct as to the Syrian Defendants in this case and the PLO and PA in 02-cv-2280-RJL. Secondly, the statutory bases which underlie the two cases are quite different, with one permitting a jury trial and the other not. This would have necessitated two trials in one case, had they remained together. *See e.g. Matthews v. CTI*, 871 F.2d 270, 279 (2nd Cir. 1989). Additional practical reasons made the voluntary dismissal and re-filing as a separate case advisable.

As the Order to Show Cause notes, on October 24, 2007, Plaintiffs herein filed their First Amended Complaint. [DE 25]  On November 26, 2007, Defendants filed a motion to dismiss the First Amended Complaint [DE 28], which this Court denied as moot on January 18, 2008. [Minute Order of January 18, 2008]

On January 30, 2008, Plaintiffs filed with the Court a Notice advising the Court of legislation enacted by Congress which superseded the statutory framework on which the instant case was based when filed. On February 6, 2008, this case was stayed for sixty (60) days, based on the enactment of this new superseding legislation. [Minute Order of February 6, 2008]

In enacting the new legislation at issue, the National Defense Authorization Act for Fiscal Year 2008 ("NDAA"), in January of 2008, Congress repealed 28 U.S.C. Sec. 1605(a)(7), the

former state-sponsored terrorism exception under the FSIA – the statutory basis under which the instant case was filed – and replaced it with a new state-sponsored terrorism exception, set forth at 28 U.S.C. Sec. 1605A, which created a "federal right of action against foreign states" and permits recovery of punitive damages, while providing new language for the enforcement of judgments. *See Haim v. Islamic Republic of Iran*, 784 F. Supp. 2d 1, 4 (D.D.C. 2011).

Based on the enactment of this new legislation, on April 10, 2008, Plaintiffs sought leave to file a Second Amended Complaint to reflect the new superseding statute under which they would be preceding against Syria. [DE 31]

On May 12, 2008, this Court denied the Motion to Amend the Complaint. [Minute Order of May 12, 2008]

Also based on the new legislation repealing and superseding 28 U.S.C. Sec. 1605 (a)(7), Plaintiffs filed a new Complaint in this Court, *Shatsky et al. v. Syrian Arab Republic et al.*, 08-cv-496-RJL, making essentially the same allegations as in this case against Syria, but using the new statutory framework Congress enacted to allow Plaintiffs like those herein to obtain more comprehensive relief, 28 U.S.C. Sec. 1605A. [DE 1 in 08-cv-496-RJL][2]

On October 23, 2008, a status conference was held in this case. [See Minute Entry for October 23, 2008]. From that point forward, conferences were set, continued, and ultimately canceled on consent, based on developments in the newly filed related case, 08-cv-496-RJL. [See DE 39 and Minute Entry of April 3, 2009]

On May 5, 2010, this Court entered an Order to Show Cause, directing Plaintiffs to show cause in writing within thirty (30) days as to why this case should not be dismissed. [DE 40]

---

[2] On July 9, 2012, the Court docketed an Order to Show Cause in 08-cv-496-RJL, which it apparently issued on January 3, 2012. [DE 33 in 08-cv-496-RJL] That Order to Show Cause will be timely addressed in a separate Response filed in that action.

3

On June 4, 2010, Plaintiffs filed their written Response to the Order to Show Cause, advising the Court that in the more recently filed parallel, related case, 08-cv-496-RJL, these same Defendants had advised the Court that they did not intend to appear to defend the case; however, having had their motion to dismiss denied in that case, they likely would be challenging the constitutionality of the new legislation on appeal, once a default judgment was entered in that case. [DE 41]

Accordingly, Plaintiffs herein in their Response to the Order to Show Cause, asked this Court to stay this case or consolidate it with 08-cv-496-RJL, so that Plaintiffs could maintain their claims through the litigation of this case if Defendants somehow were able to prevail in their appeal in 08-cv-496-RJL. Meanwhile, the substantive litigation between the parties would proceed in 08-cv-496-RJL, while the instant case was stayed. [DE 41]

No response ever was filed to Plaintiffs' request that this case be stayed or consolidated with 08-cv-496-RJL and no further action was taken by the Court in light of the Plaintiffs' Response to the Show Cause Order.

On June 1, 2012, this Court granted the unopposed motion by Plaintiffs' prior counsel to withdraw from this action. [DE 44 – docketed June 4, 2012]

On June 29, 2012, the Court entered the Order to Show Cause which this Response addresses. [DE 45 – docketed July 3, 2012]

On July 23, 2012, the undersigned entered an appearance in this case (and in 08-cv-496-RJL) on behalf of all Plaintiffs. [DE 46]

It is the undersigned's intention to file a Response to the Order to Show Cause in 08-cv-496-RJL forthwith and in that case to move forward in order to have judgment entered on the default that was entered in March of 2010. [DE 25; 26 in 08-cv-496-RJL]  That is the action

which must follow in that case and Plaintiffs will seek a conference in that case to determine which of the various ways authorized for the determination of a judgment on liability and damages under 28 U.S.C. Sec. 1608, this Court prefers to use for such a determination.[3]

### PLAINTIFFS' DIRECT RESPONSE TO THE ORDER TO SHOW CAUSE

For the same reasons indicated in the Plaintiffs' June 4, 2010 Response to the earlier Order to Show Cause in this case, [DE 41], in response to the instant Order to Show Cause, Plaintiffs respectfully submit that an appropriate course of action would be either to formally stay the instant case pending a resolution in the parallel related case, 08-cv-496-RJL, or to consolidate this case with that action, given the foregoing background, the procedural posture of the parallel related case, and Defendants' apparent intention to challenge the constitutionality of the superseding legislation on which the action in 08-cv-496-RJL is based.

**WHEREFORE**, the Order to Show Cause docketed in this Court on July 3, 2012, should be discharged.

---

[3] For example, under 28 U.S.C. Sec. 1608, the Court can conduct a hearing with live testimony on both liability and damages, make a determination based on affidavits on both liability and damages, hold a hearing with live testimony on liability and consider affidavits on damages, or the Court can hear the liability evidence (either on live testimony or on affidavits) and have damages evidence presented to a Special Master.  On April 4, 2010, immediately after the entry of default was entered against the Defendants in 08-cv-496-RJL, Plaintiffs sought to move forward to a default judgment in 08-cv-496-RJL by submitting all evidence to a Magistrate Judge, a method also authorized under 28 U.S.C. Sec. 1608 [DE 27; 28 in 08-cv-496-RJL]; but that request was denied by the Court on March 7, 2011.  [Minute Entry of March 7, 2011 in 08-cv-496-RJL]  As noted, Plaintiffs are entitled to a judgment on the default in that case and will now seek the entry of judgment in that case by whatever means the Court directs.

Respectfully Submitted,


/S/ David I. Schoen
David I. Schoen
D.C. Bar No. 391408
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com
Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2012, I filed the foregoing Response to Order to Show Cause, via the ECF system which served the following counsel of record:

Ramsey Clark, Esq.
Lawrence W. Schilling, Esq.
37 West 12th St.
New York, NY 10011
Counsel for all Defendants


/S/ David I. Schoen
David I. Schoen (DC Bar No. 391408)
Counsel for Plaintiffs